**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-6394**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KELVIN ANDRE SPOTTS, a/k/a Shorty,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:98-cr-00047-1; 3:00-cv-00647)

_____

Submitted:  August 29, 2023                          Decided:  September 1, 2023

_____

Before KING, AGEE, and BENJAMIN, Circuit Judges.

_____

Affirmed as modified by unpublished per curiam opinion.

_____

Kelvin Andre Spotts, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin Andre Spotts appeals the district court's order denying his petition for a writ of error coram nobis. The court denied the petition on the merits but also construed the petition as an unauthorized, successive 28 U.S.C. § 2255 motion. On appeal, Spotts argues that the court incorrectly construed his petition as a successive § 2255 motion because he is no longer "in custody." *See* 28 U.S.C. § 2255(a) (requiring movant to be "in custody"). Although Spotts was released from prison in November 2022, he is still serving his supervised-release term. And a defendant serving his supervised-release term is considered "in custody" for the purpose of § 2255. *See United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Because the more usual remedy is available, Spotts cannot seek relief through a coram nobis petition. *See United States v. Lesane*, 40 F.4th 191, 195-96 (4th Cir. 2022).

Although the district court correctly characterized Spotts' petition as a § 2255 motion, it incorrectly addressed the merits because we had not authorized this successive § 2255 motion. Accordingly, although we affirm the district court's judgment, we modify the order to reflect that the motion is dismissed without prejudice for lack of jurisdiction. *See Ali v. Hogan*, 26 F.4th 587, 600 (4th Cir. 2022) (explaining that "a dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice" (cleaned up)). We also deny Spotts' motion to expand the record. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*

2